## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-6895 | **DATE** | 2/3/11 |
| **CASE TITLE** | Murrell v. Harvey S. Murrell Trust et al. | | |

**DOCKET ENTRY TEXT**

On its own motion, the Court dismisses Plaintiff's Amended Complaint [12] with prejudice. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

On October 26, 2010, Plaintiff, a California resident, filed a 30-count, 103-page, 276-paragraph *pro se* Complaint, along with an application to proceed *in forma pauperis* and a motion for appointment of counsel. Plaintiff's application to proceed *in forma pauperis* was granted, but her Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2), which requires the Court to dismiss any case filed *in forma pauperis* if it fails to state a claim for relief.

The Complaint was long, disorganized, and confusing, making it difficult, if not impossible, for the Court to evaluate her claims. Accordingly, dismissal was appropriate pursuant to Federal Rule of Civil Procedure 8(a). *See Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed.R.Civ.P. 8(a) is permitted, though leave to replead should ordinarily be granted.") (citations omitted). Moreover, many of Plaintiff's 30 purported claims asserted that Defendants violated various foreign and domestic criminal statutes (without alleging a private right of action) and that Defendants violated Plaintiff's first- and fourteenth-amendment rights (without alleging that any Defendant was a state actor).

For those reasons, the Complaint was dismissed. Plaintiff was given leave to file an amended complaint before January 20, 2011, and instructed that each claim must comply with Federal Rule of Civil Procedure 8(a) and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff was also instructed that her amended complaint should not claim any violations of criminal statutes unless Plaintiff claims those statutes support a private right of action. Finally, Plaintiff was admonished that failure to comply with those instructions may result in this action's being dismissed.

Plaintiff filed an Amended Complaint on January 13, 2011. It remains deficient. First, although Plaintiff pared her 30counts down to 4, her Amended Complaint remains long, disorganized, and confusing. Second, she continues to assert violations of criminal statutes and to claim a civil right to relief under the Crime Victim's Restitution Act (18 U.S.C. § 3771). Third, she pleads federal-question jurisdiction on the basis of unidentified civil-rights and constitutional violations, though she does not allege that anyone named as a defendant is a state actor.

| STATEMENT |
|---|
| In addition, documents attached to her Amended Complaint demonstrate that another court has already determined that Plaintiff is not entitled to the relief she seeks. Plaintiff's Amended Complaint centers around allegations that a number of persons took money from a trust set up by her father for her benefit. Plaintiff raised this issue in the Superior Court of California in 2001, and she lost. *See* Exs. 20-21 to Am. Compl.<br><br>In two attempts, Plaintiff has failed to demonstrate that she has any plausible claim for relief in federal court. This action is dismissed with prejudice. |